IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INETTA BAYLOCK,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CIGAR CITY CLUB PLAZA, LLC,<br>JULIUS BOLTON, and SHUSHANA<br>ELLIS,<br><br>                    Defendants | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff Inetta Baylock ("Baylock") brings this Complaint against Defendants Cigar City Club Plaza, LLC ("Cigar City"), Julius Bolton ("Bolton"), and Shushana Ellis ("Ellis") (Bolton and Ellis collectively referred to herein as "the Individual Defendants") and shows the Court as follows:

1. **INTRODUCTION**

1.

This is a wage and hour case.

2.

Cigar City operates a restaurant and bar in Sandy Springs, Georgia. It employed Baylock at this facility as a cook. Cigar City truncated Baylock's work hours in order to avoid properly paying her for overtime worked.

**Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district and because Cigar City is located in this district.

**(a)    The Parties**

**i.  Inetta Baylock**

5.

Baylock is a natural person who resides in Fulton County, Georgia.

6.

Cigar City employed Baylock as a cook from September 1, 2021 through and including to January 11, 2022 (hereafter "the Relevant Time Period").

7.

At all times during the Relevant Time Period, Baylock was an "employee" of Cigar City within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**ii.    Cigar City**

8.

Cigar City is a Domestic Limited Liability Company organized under the laws of the State of Georgia.

9.

Cigar City is subject to the personal jurisdiction of this Court.

10.

Cigar City may be served with process via service on its registered agent, Julius A. Bolton at 970 Sidney Marcus Boulevard, NE, Atlanta, GA 30324 or wherever he may be located.

**iii.  Julius Bolton**

11.

Bolton is a natural person who resides in DeKalb County, Georgia.

12.

Bolton is subject to the personal jurisdiction of this Court.

13.

Bolton may be served with process at 4534 Village Springs Run, Atlanta, GA 30338 or wherever he may be located.

### ix.  Shushana Ellis

14.

Ellis is a natural person who resides in DeKalb County, Georgia.

15.

Ellis is subject to the personal jurisdiction of this Court.

16.

Ellis may be served with process at 854 Pine Ridge Bend, Stone Mountain, Georgia 30087 or wherever she may be located.

## II. Factual Allegations

### (a) Enterprise Coverage

17.

At all times during the Relevant Time Period, Baylock and other employees of Cigar City handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Cigar City including, but not limited to, furniture, phones, computers, cigars, food, alcohol, utensils, tableware, and glassware.

4

18.

During 2021, Cigar City had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

At all times material hereto, Cigar City has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

19.

During 2021, Cigar City had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2022, Cigar City is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2021, Cigar City had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

At all times during the Relevant Time Period, Cigar City has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(b)      Liability of the Individual Defendants**

**i.  Julius Bolton**

23.

At all times during the Relevant Time Period, Bolton has been an owner and manager of Cigar City.

24.

At all times during the Relevant Time Period, Bolton exercised operational control over Baylock's work activities.

25.

At all times during the Relevant Time Period, Bolton managed the day-to-day operation of the Cigar City in which Baylock worked.

26.

At all times during the Relevant Time Period, Cigar City vested Bolton with supervisory authority over Baylock.

27.

At all times during the Relevant Time Period, Bolton exercised supervisory authority over Baylock.

28.

At all times during the Relevant Time Period, Bolton scheduled Baylock's working hours or supervised the scheduling of Baylock's working hours.

29.

At all times during the Relevant Time Period, Bolton exercised authority and/or supervision over Baylock's compensation.

30.

At all times during the Relevant Time Period, Bolton had authority to hire employees on behalf of Cigar City.

31.

At all times during the Relevant Time Period, Bolton had authority to terminate employees of Cigar City.

32.

At all times during the Relevant Time Period, Bolton had authority to discipline employees of Cigar City.

33.

At all times during the Relevant Time Period, Bolton acted directly or indirectly in the interest of Cigar City in relation to Baylock.

34.

At all times during the Relevant Time Period, Bolton was an "employer" of Plaintiff within the within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

### ii. Shushana Ellis

35.

At all times during the Relevant Time Period, Cigar City employed Ellis as a manager.

36.

At all times during the Relevant Time Period, Ellis exercised operational control over Baylock's work activities.

37.

At all times during the Relevant Time Period, Ellis was involved in the day-to-day operation of the Cigar City facility in which Baylock worked.

38.

At all times during the Relevant Time Period, Cigar City vested Ellis with supervisory authority over Baylock.

39.

At all times during the Relevant Time Period, Ellis exercised supervisory authority over Baylock.

40.

At all times during the Relevant Time Period, Ellis scheduled Baylock's working hours or supervised the scheduling of Baylock's working hours.

41.

At all times during the Relevant Time Period, Ellis managed Cigar City's payroll.

42.

At all times during the Relevant Time Period, Ellis exercised authority and supervision over Baylock's compensation.

43.

At all times during the Relevant Time Period, Ellis had authority to hire employees for Cigar City.

44.

At all times during the Relevant Time Period, Ellis had authority to terminate employees of Cigar City.

45.

At all times during the Relevant Time Period, Ellis had authority to discipline employees of Cigar City.

46.

At all times during the Relevant Time Period, Ellis acted directly or indirectly in the interest of Cigar City on relation to Baylock.

47.

At all times during the Relevant Time Period, Ellis was an "employer" of Baylock within the within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d).

**(f) FLSA §213 Exemptions**

48.

At all times during the Relevant Time Period, Baylock was not exempt from the Minimum Wage requirements of the FLSA by reason of any statutory exemption.

49.

At all times during the Relevant Time Period, Baylock was not exempt from the Maximum Hours requirements of the FLSA by reason of any statutory exemption.

50.

At all times during the Relevant Time Period, Cigar City compensated Baylock on the basis of an hourly rate.

51.

Cigar City never compensated Baylock on basis of a salary.

52.

At all times during the Relevant Time Period, Cigar City did not employ Baylock in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

53.

At all times during the Relevant Time Period, Cigar City did not employ Baylock in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

54.

At all times during the Relevant Time Period, Cigar City did not employ Baylock in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

55.

At all times during the Relevant Time Period, Baylock never supervised two or more employees of Cigar City.

56.

At all times during the Relevant Time Period, Cigar City did not employ Baylock in the capacity of an "outside salesman" within the meaning of 29 USC § 213 (a)(1).

**(c)      Additional Factual Allegations**

57.

At all times during the Relevant Time Period, Cigar City scheduled its employees, including the Baylock on the basis of a seven-day week, extending from the beginning of each Sunday to the end of each Saturday.

58.

At all times relevant from September 1, 2021 to December 11, 2021, Cigar City compensated Baylock at a rate of $17.00 per hour for her work as a cook.

59.

At all times relevant from December 12, 2021 to January 11, 2022, Cigar City compensated Baylock at a rate of $18.00 per hour for her work as a cook.

60.

During the Relevant Time Period, Baylock worked 5 or 6 days per week during most work weeks.

61.

During the Relevant Time Period, Baylock normally worked from 3:00 p.m. to 2:00 a.m. during each work shift.

62.

During the Relevant Time Period, Cigar City failed to afford Baylock a scheduled break of 30 minutes or more during each work shift.

63.

At all times material hereto, Baylock regularly worked 55-66 hours during most, if not all, work weeks.

64.

During the Relevant Time Period, Cigar City and the Individual Defendants regularly and systematically truncated the actual hours Baylock worked during each work week.

65.

During the Relevant Time Period, Cigar City and the Individual Defendants regularly and systematically truncated the actual hours Baylock worked during each work week to avoid paying Baylock the amount of overtime compensation she earned.

66.

During the Relevant Time Period, Cigar City and the Individual Defendants failed to pay Baylock for every overtime hour she worked during each work week.

67.

At all times material hereto, Cigar City and the Individual Defendants were aware of the actual number of hours Baylock worked.

68.

Cigar City and the Individual Defendants knew or should have known that the FLSA's Maximum Hours requirement applied to Baylock.

69.

29 U.S.C. § 207 requires that Cigar City and the Individual Defendants compensate Baylock at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

70.

Cigar City and the Individual Defendants knew or should have known that the 29 U.S.C. § 207 requires that they pay Baylock a premium for all hours worked above forty hours in any given workweek.

71.

At all times material hereto, Cigar City and the Individual Defendants failed to pay Baylock at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

72.

At all times material hereto, Cigar City and the Individual Defendants willfully failed to pay Baylock at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

73.

Cigar City failed to rely on a ruling, regulation or advisory opinion when it truncated Baylock's actual work hours in order to avoid paying overtime.

74.

Cigar City failed to rely on advice of legal counsel when it truncated Baylock's actual work hours in order to avoid paying overtime.

## III.    CLAIMS FOR RELIEF

### COUNT 1 – FAILURE TO PAY OVERTIME COMPENSATION

75.

The allegations in paragraphs 1-74 above are incorporated herein by reference as if stated verbatim.

76.

During the Relevant Time Period, Baylock was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

77.

During the Relevant Time Period, Baylock regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

78.

At all times during the Relevant Time Period, Cigar City and the Individual Defendants failed to pay Baylock at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

79.

During the Relevant Time Period, Cigar City and the Individual Defendants willfully failed to pay Baylock at one–and–one–half times her regular rate for work in excess of forty (40) hours in any work week.

80.

Baylock is entitled to payment of overtime from Cigar City and the Individual Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

81.

As a result of the underpayment of overtime compensation as alleged above, Baylock is entitled to liquidated damages from Cigar City and the Individual Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

82.

As a result of the underpayment of overtime compensation as alleged above, Baylock is entitled to her litigation costs, including her reasonable attorneys' fees from Cigar City and the Individual Defendants, jointly and severally, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiff prays that this Court:

(a)     Take jurisdiction of this matter;

(b)     Award Plaintiff payment for each overtime hour worked, calculated at one and one-half times the regular rate;

(c)     Award Plaintiff liquidated damages equaling 100% of overtime due to her;

(d)     Award Plaintiff prejudgment interest on all amounts owed;

(e)     Award Plaintiff nominal damages;

(f)   Award Plaintiff her reasonable attorney's fees and expenses of litigation

pursuant to § 29 U.S.C. 216(b); and

(g)   Award any and such other further relief this Court deems just, equitable

and proper.

Respectfully submitted,

**Delong Caldwell Bridgers**
**Fitzpatrick & Benjamin, LLC**

101 Marietta Street
Suite 2650                            *s/ Kevin D. Fitzpatrick, Jr.*
Atlanta, Georgia 30303         Kevin D. Fitzpatrick, Jr.
(404) 979-3150                      Ga. Bar No. 262375
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com    */s/Charles R. Bridgers*
                                             Charles R. Bridgers
                                             Ga. Bar No. 080791
                                             Counsel for Plaintiffs